# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**WEST VIRGINIA DEPARTMENT OF COMMERCE,**
**Employer Below, Petitioner**

**FILED**

June 26, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0320** (BOR Appeal No. 2053633)
                        (Claim No. 2014009978)

**BILLY TANKERSLEY,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Office of Miner's Health, by Counsel Melissa M. Stickler, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). A response was not filed on Mr. Tankersley's behalf.

The issue on appeal is permanent partial disability. The claims administrator granted a 7% permanent partial disability award on October 25, 2017. The Office of Judges affirmed the decision in its October 22, 2018, Order. The Order was reversed by the Board of Review on March 1, 2019, and Mr. Tankersley was granted a 16% permanent partial disability award.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Tankersley, a retired mine inspector, sustained three left knee injuries during the course of his nearly twenty-five years of employment. The first knee injury occurred on May 26, 2003, and Mr. Tankersley was granted a 3% permanent partial disability award for the injury. The second knee injury occurred on June 15, 2005, and Mr. Tankersley was granted a 1% permanent partial disability award. Mr. Tankersley's third knee injury, and the claim at issue, occurred on September

1

11, 2013, while he was crawling through a mine during an inspection. This injury caused Mr. Tankersley to require a total left knee replacement, which was authorized on June 28, 2016.[1]

Following the left knee replacement, Mr. Tankersley underwent an independent medical evaluation by P. Kent Thrush, M.D. In his March 22, 2017, report, Dr. Thrush opined that Mr. Tankersley had seen a fair result from his left knee replacement. He assessed 20% left knee impairment and apportioned 6.67% (rounded up to 7%) for each of Mr. Tankersley three left knee injuries. Based on his report, the claims administrator granted a 7% permanent partial disability award for the 2013 claim at issue.

On January 22, 2018, Catherine Chua, D.O., stated in a report that Mr. Tankersley had been a patient since 2006. Dr. Chua noted that she was his primary physician and treated him for all three of his left knee injuries. She opined that the 2004 and 2011 injuries did not significantly injure Mr. Tankersley, and he was able to return to work after having a simple scope procedure. Dr. Chua stated that the 2013 injury resulted in a total knee replacement and disabled Mr. Tankersley. She opined that years of wear and tear while crawling through mines contributed more to Mr. Tankersley's severe left knee osteoarthritis than his small 2004 and 2011 injuries. Dr. Chua opined that the entire 20% impairment found by Dr. Thrush was related to Mr. Tankersley's 2013 injury.

In an April 12, 2018, report, Walter Boardwine, M.D., also opined that the 20% impairment found by Dr. Thrush should not have been split between Mr. Tankersley's three knee injuries. Dr. Boardwine found that the 2004 and 2011 injuries did not disable Mr. Tankersley or prevent him from returning to work. The 2013 injury, however, resulted in a total knee replacement and 20% permanent partial disability.

The Office of Judges affirmed the claims administrator's decision granting a 7% permanent partial disability award in its October 22, 2018, Order. The Office of Judges stated that per West Virginia Code § 23-4-9b, preexisting impairment should not be considered in assessing permanent partial disability awards. Two of Mr. Tankersley's physicians, Drs. Chua and Boardwine, opined that the main cause of Mr. Tankersley's left knee impairment is the 2013 injury, which rendered him unable to work for a time and resulted in his total knee replacement. The Office of Judges found that Dr. Thrush's opinion, that each of Mr. Tankersley's three left knee injuries contributed equally to his impairment, was consistent with the prior June 28, 2016, Office of Judges' Order, which determined that the surgery was required, in part, due to the 2013 compensable injury. The Office of Judges opined that this case is similar to this Court's decision in *Ripple v. Essroc Corporation,* No. 15-0149, 2015 WL 6840656 (W. Va. Nov. 4, 2015)(memorandum decision). In *Ripple,* we approved apportionment of the claimant's impairment for preexisting knee problems which contributed to his need for a total knee replacement. The Court concluded that Mr. Ripple had significant knee problems prior to the compensable injury and upheld the decision to apportion half of his impairment for preexisting conditions. The Office of Judges concluded in the instant

[1]Mr. Tankersley's request was initially denied by the claims administrator. On appeal, the Office of Judges authorized the total left knee replacement. The decision was affirmed by the Board of Review on October 21, 2016.

case that Dr. Thrush's opinion was the most reliable assessment of Mr. Tankersley's impairment due to his 2013 left knee injury. The Office of Judges noted that his prior injuries contributed to the need for the total left knee replacement, which showed only fair results.

The Board of Review reversed the Office of Judges' Order and granted Mr. Tankersley a 16% permanent partial disability award for his 2013 left knee injury on March 1, 2019. It noted that the total left knee replacement was authorized by the Office of Judges, at least in part, due to the 2013 compensable injury. The Board of Review affirmed that ruling and Mr. Tankersley underwent the surgery. The Board of Review found that Dr. Thrush opined that Mr. Tankersley has 20% overall left knee impairment and apportioned 7% permanent partial disability to the 2013 left knee injury. In contrast, Drs. Chua and Boardwine both determined that his 20% left knee impairment is due entirely to the 2013 injury. The Board of Review noted the Office of Judges' reliance on *Ripple*; however, the Board of Review determined that the facts in this case differ from those in *Ripple*. In *Ripple*, there was no indication that the claimant had previously been granted any permanent partial disability award for the same body part. In the case at issue, Mr. Tankersley was previously granted 4% impairment for his left knee in his prior to claims (3% for the 2003 injury and 1% for the 2006 injury). The Board of Review looked to West Virginia Code § 23-4-9b, which states that

> [w]here an employee has a definitely ascertainable impairment resulting from an occupational or a nonoccupational injury, disease or any other cause, whether or not disabling, and the employee thereafter receives an injury in the course of and resulting from his or her employment, unless the subsequent injury results in total permanent disability within the meaning of section one, article three of this chapter, the prior injury, and the effect of the prior injury, and an aggravation, shall not be taken into consideration in fixing the amount of compensation allowed by reason of the subsequent injury. Compensation shall be awarded only in the amount that would have been allowable had the employee not had the preexisting impairment. Nothing in this section requires that the degree of the preexisting impairment be definitely ascertained or rated prior to the injury received in the course of and resulting from the employee's employment or that benefits must have been granted or paid for the preexisting impairment. The degree of the preexisting impairment may be established at any time by competent medical or other evidence. Notwithstanding the foregoing provisions of this section, if the definitely ascertainable preexisting impairment resulted from an injury or disease previously held compensable and the impairment had not been rated, benefits for the impairment shall be payable to the claimant by or charged to the employer in whose employ the injury or disease occurred. The employee shall also receive the difference, if any, in the benefit rate applicable in the more recent claim and the prior claim.

The Board of Review concluded that Dr. Thrush's apportionment of 7% impairment for the 2013 left knee injury is contrary to the law and therefore not credible. Because Mr. Tankersley was found to have 20% left knee impairment due to work-related injuries and had previously been

granted a total of 4% permanent partial disability, the Board of Review determined that he was entitled to an additional 16% impairment in the 2013 claim at issue.

After review, we agree with the reasoning and conclusions of the Board of Review. West Virginia Code § 23-4-9b provides that preexisting impairment shall not be included when determining the amount of impairment a claimant has as a result of his or her injury at issue. In this case, the record clearly shows that Mr. Tankersley has been granted a total of 4% impairment for his two prior left knee injuries. Dr. Thrush evaluated Mr. Tankersley following his left knee replacement, which was authorized in the instant claim, and assessed 20% impairment. Therefore, Mr. Tankersley has an additional 16% impairment attributable to his 2013 left knee injury. The Board of Review properly granted him a 16% permanent partial disability award and its decision is supported by the evidence of record and the opinions of Drs. Chua and Boardwine

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 26, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4